UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ELTON R. JACKSON, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )   No. 4:11CV02195 NAB |
| | ) |
| JEFF NORMAN, | ) |
| | ) |
|     Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon review of petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Doc. #1] and his application for leave to commence this action without payment of the required filing fee [Doc. #2].  See 28 U.S.C. § 1915(a).  Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee.  Therefore, the Court grants petitioner leave to proceed in forma pauperis.

**The petition**

Petitioner asserts that he was convicted in the Circuit Court of the City of St. Louis, after pleading guilty to Burglary First Degree, Robbery Second Degree, Assault Second Degree, Attempted Robbery First Degree, Stealing, Possession of Controlled Substance-Cocaine Base, Assault Third Degree, and Resisting Arrest.  He claims that he received ineffective assistance of counsel, his speedy trial rights were violated, and his guilty plea was not voluntary.

**Discussion**

Petitioner labels his suit as one brought under § 2241; however, because he is in custody

pursuant to a state court judgment, the only habeas corpus vehicle available to him to attack his present confinement is 28 U.S.C. § 2254. See Crouch v. Norris, 251 F.3d 720, 722-23 (8th Cir. 2001 (state prisoners "can only obtain habeas relief through § 2254, no matter how [their] pleadings are styled"). For this reason, this Court is unable to grant petitioner a writ of habeas corpus under § 2241.

Although the Court is required to liberally interpret prisoner petitions, Haines v. Kerner, 404 U.S. 519, 520 (1972), construing the instant action as one arising under § 2254 is problematic. A review of this Court's records indicates that petitioner has already sought and been denied § 2254 relief concerning the underlying conviction and sentence. See Jackson v. Roper, No. 4:05-CV-1421-RWS (E.D. Mo.). This Court lacks jurisdiction to entertain a second or successive § 2254 petition brought by the petitioner unless the Eighth Circuit Court of Appeals has authorized it. See 28 U.S.C. § 2244(B)(3)(A). There is no indication that the Eighth Circuit has authorized petitioner to file a second petition. Therefore, the instant action, if re-characterized, would result in the dismissal of this action, because the Court would not have jurisdiction over the successive § 2254 action.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that petitioner's petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 [Doc. #1] is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel [Doc. #3] is **DENIED** as moot.

A separate Order of Dismissal shall accompany this Memorandum and Order.

So Ordered this 1st day of February, 2012.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE